Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
David R. Shein, Esq. (SBN 230870)
tbarrett@donigerlawfirm.com
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
JAIME CIERO

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CIERO, an Individual, <br> Plaintiff, <br><br> v. <br><br> THE WALT DISNEY COMPANY, a California Corporation; DISNEY ENTERPRISES, INC., a California Corporation; WALT DISNEY MOTION PICTURES GROUP, a California Corporation; WALT DISNEY PICTURES, a California Corporation; WONDERLAND MUSIC COMPANY, INC., a California Corporation; DISNEY MUSIC PUBLISHING, a California Corporation; KRISTEN ANDERSON LOPEZ, an Individual; ROBERT LOPEZ, and Individual; IDINA MENZEL, an Individual; DEMI LOVATO, an Individual; and DOES 1 – 10, <br> Defendants. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> **(1) DIRECT COPYRIGHT INFRINGEMENT;** <br><br> **(2) SECONDARY COPYRIGHT INFRINGEMENT; AND** <br><br> **(3) VIOLATION OF 17 U.S.C. § 1202** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Jaime Ciero, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Jaime Ciero is a musician of international acclaim and regard who has created and contributed to numerous critically and commercially successful compositions and songs. One of Ciero's musical works, entitled "Volar," was misappropriated by the Defendants and unlawfully copied and reproduced to create the global hit "Let it Go," which was featured as the primary song in, and a narrative basis for, the feature film *Frozen*. "Volar" and "Let it Go" bear similarities so striking as to preclude the possibility that the latter song was independently created. Before exploiting his work, Defendants at no time contacted Ciero to obtain his consent in regard to their use of his original material. This action seeks redress for Defendants' violations of the Copyright Act.

## PARTIES

1. At all times mentioned herein, JAIME CIERO ("Ciero") was an individual residing in Los Angeles County, California.

2. Plaintiff is informed and believes and thereon alleges that THE WALT DISNEY COMPANY, DISNEY ENTERPRISES, INC., WALT DISNEY MOTION PICTURES GROUP, WALT DISNEY PICTURES, and DISNEY MUSIC PUBLISHING (collectively "Disney"), are related California corporations and business entities that do business in and with the residents of California and this District.

3. Plaintiff is informed and believes that WONDERLAND MUSIC COMPANY, INC. ("Wonderland") is a California corporation that does business in and with the residents of California and this District.

4. Plaintiff is informed and believes that KRISTEN ANDERSON LOPEZ ("K. Lopez") is an individual doing business in and with the residents of California.

5. Plaintiff is informed and believes that ROBERT LOPEZ ("R. Lopez") is an individual doing business in and with the residents of California.

6. Plaintiff is informed and believes that IDINA MENZEL ("Menzel") is an individual doing business in and with the residents of California.

7. Plaintiff is informed and believes that DEMI LOVATO ("Lovato") is an individual doing business in and with the residents of California.

8. Plaintiff is informed and believe and thereon alleges that Defendants are agents and alter egos of one another and share common interests and unity of interests, as well as shared and ownership between the Defendant entities to the extent that it would inequitable if the acts in question are treated as those of the entities alone. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

9. Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sue defendant(s) under such fictitious names. Plaintiff is informed and believe and based thereon allege that such fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named defendants are ascertained. As alleged herein, the term "Plaintiff" shall mean the named plaintiff,

and "Defendants" shall mean all named defendants and all fictitiously named defendants.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over each and every one of the Defendants. Venue in this Court is proper under 28 U.S.C. § 1391(c) and 1400(a) because one or more Defendants reside and/or carry on business here, and the wrongful acts of Defendants took place, in whole or in part, in this District.

11. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

12. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

## GENERAL FACTUAL ALLEGATIONS

13. Plaintiff created and owns exclusive and/or beneficial copyrights and other rights in the song entitled "Volar," of which one version has been recorded and performed by Ciero and another version recorded and performed by Ciero and the singer Karina Moreno (collectively "Subject Song").

14. The Ciero version of the Subject Song was first published in 2008 and was performed and broadcast around the world before the commencement of the infringement at issue. The Ciero/Moreno version of the Subject Song was first published in in 2009 and was performed and broadcast around the world before the commencement of the infringement at issue

15. The Subject Song was registered with ASCAP before the infringement at issue.

16. Plaintiff has submitted both versions of the Subject Song to the United States Copyright Office for registration, and complied with all necessary formalities in doing so. In the alternative, if one or both of the two versions of the Subject Song

referenced herein were first published abroad, one or both would be exempt from the registration requirement per the relevant international treaties and accords.

17. Since its initial release and publication, the Subject Song was a huge international success, reaching millions of listeners and landing on numerous charts of the most popular and top-performing songs. It has been professionally recorded and widely and publicly performed in this District and throughout the United States and the world by means of records, radio, streaming channels, television, video, audio, and other media. Recordings of and other copies of the Subject Song have also been widely published, broadcast, and/or sold throughout the United States, including in this District.

18. Defendants have had an ongoing and continuous opportunity to access to the Subject Song in various ways including aforementioned public performances, records, streaming services, and broadcast.

19. Defendants, and each of them, have continuously and repeatedly infringed, and are presently infringing, Plaintiff's copyright in the Subject Song by performing, broadcasting, streaming, marketing, selling, licensing, and otherwise exploiting and monetizing the song entitled "Let it Go" ("Infringing Song")

20. Defendants copied substantial qualitative and quantitative portions of both versions of the Subject Song in creating the Infringing Song, including constituent elements that are original. The Subject Song and the Infringing Song include note combinations and structures, hooks, melodies, lyrics, themes, production, and textures that are at least substantially similar. Plaintiff hereby incorporates by reference his sound recordings of the two versions of the Subject Song, and the sound recording of the Infringing Song.

21. The Infringing Song is extrinsically and intrinsically similar to the Subject Song.

22. On information and belief, Plaintiff alleges that R. Lopez and K. Lopez, in concert with Disney, developed and distributed the Infringing Work for the benefit of themselves, Wonderland, and others; and that Disney, Lovato, and Menzel recorded, distributed, and publicly performed the Infringing Work.

23. On information and belief, Plaintiff alleges that Disney incorporated the Infringing Work into live and filmed versions of *Frozen* and *Frozen* merchandise and distributed, performed, monetized, and otherwise profited from *Frozen*, *Frozen* merchandise, and the exploitation of the Infringing Song in connection with the foregoing.

24. The Infringing Song is the primary musical element of the feature film *Frozen*. It is the theme song for the film and play and the lead single that was used in marketing, advertising, and throughout the film and play. The use of the Infringing Song in connection with *Frozen* added substantial value to the film and resulted in substantial added revenue to Defendants.

25. The soundtrack to *Frozen*, which includes multiple versions of the Infringing Song, and the performance and display of *Frozen* itself, have further enabled Defendants to profit from their unauthorized copy of the Subject Song. The foregoing material has been widely and successfully marketed, distributed, and monetized in this District and elsewhere in the United States and the rest of the world. The Infringing Work and *Frozen* have been repeatedly played on theater screens, television, home video, broadcast, streaming channels, online platforms, radio, and other outlets and media sources in this District and elsewhere in the United States and the rest of the world.

26. A live version of *Frozen* was or is to be performed in numerous theaters, including on Broadway. On information and belief, it is alleged that the Infringing Song will be a primary and substantial element of the live version of *Frozen*, and this infringement will continue unless enjoined by this Court.

# FIRST CLAIM FOR RELIEF

(For Direct Copyright Infringement – Against all Defendants, and Each of Them)

27. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff owns the copyright in the Subject Song's composition and recording, which were submitted for registration with the United States Copyright Office before the occurrence of the infringement claimed herein. All formalities were complied with in connection with this submission.

29. Defendants had a reasonable possibility to access the Subject Song through radio play, broadcast, online streaming, online transmission, download, Youtube or other video service, or other dissemination. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Song, including, without limitation, through (a) listening to the recording via Plaintiff's or others' public performances or recordings of the Subject Song, (b) streaming or downloading the Subject Song online, (c) listening to the Subject Song through a third party, (d) viewing the sheet music or other written indicia reflecting the Subject Song. Plaintiff further alleges that the identical nature of the copying establishes access.

30. The striking similarities between the Subject Song and Infringing Song also establishes a possibility to access.

31. The Infringing Song is an unauthorized reproduction and copy of the Subject Song, and is an unlawful derivative thereof. Defendants' distribution, public performance, display, and creation of a derivative work of the Subject Song infringes Plaintiff's exclusive rights in the Subject Song in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

32. Defendants did not seek or receive Plaintiff's consent or authorization to copy, appropriate, sample, cover, reproduce, or interpolate any portion of the Subject Song. Yet, the Infringing Song incorporates and includes a substantial and material portion of the Subject Song in its composition and performance.

33. Defendants' conduct has at all times been, and continues to be, knowing, willful, and with complete disregard to Plaintiff's rights.

34. As a proximate cause of Defendants' wrongful conduct, Plaintiff has been irreparably harmed.

35. The Infringing Song copies quantitatively and qualitatively distinct, important, and recognizable portions of the Subject Song, as discussed herein.

36. From the date of creation of the Infringing Song, Defendants, and each, have infringed Plaintiff's copyright interest in the Subject Song by, without limitation: (a) authorizing the live performance, reproduction, distribution and sale of the records and digital downloads through the execution of licenses, and/or actually selling, manufacturing, and/or distributing physical or digital or electronic copies of the Infringing Song through various physical and online sources; (b) performing the Infringing Song at live productions and other performances of *Frozen* (c) broadcasting, displaying, showing, streaming, and distributing the film *Frozen*; (d) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Subject Song in and as part of the Infringing Song, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including, but not limited to, audio and video; and (e) marketing, advertising, selling, and distributing merchandise such as videos and other copies of the physical and digital copies of the film, dolls and other toys, apparel and other merchandise, and other product that reference or incorporate, in whole or in part, the Infringing Song and/or *Frozen*; (f) licensing, sub-licensing, assigning, and transferring rights in and to the Infringing Song; (g) selling

tickets to, passes to, copies of, and access to live and recorded performances of the Infringing Song, *Frozen*, or other programs, projects, events, or theme park exhibitions that incorporate, in whole or in part, the Infringing Song.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, captured, performed, and distributed songs and recordings thereof that were unauthorized copies of the Subject Song, and exploited said material in numerous commercial ways, including without limitation by incorporating it in *Frozen*, of which the Infringing Song is a primary component.

38. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Song and by performing and publishing the infringing work to the public, including without limitation, through live and recorded performances and sales of product incorporating same.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Song without Plaintiff's authorization or consent.

40. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages, including without limitation, lost profits, royalties, license fees, and other revenues, in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Song. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Song in an amount to be established at trial.

42. To the extent that the infringement at issue took place, or will take place, after the date of Plaintiff's registration of the Subject Song, Plaintiff will have the

right to elect to recover statutory damages pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

43. To the extent that the infringement at issue took place, or will take place, after the date of Plaintiff's registration of the Subject Song, Plaintiff is entitled to recover his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

44. Plaintiff is entitled to recover his costs pursuant to 17 U.S.C. § 505.

45. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the Subject Song and Infringing Song.

46. Because Defendants' conduct as alleged herein was willful and/or reckless, Plaintiff is entitled to seek enhanced damages, such as statutory damages of up to $150,000.00 and/or to preclude Defendants from proffering certain affirmative defenses and legal positions.

## SECOND CLAIM FOR RELIEF

(For Indirect Copyright Infringement – Against all Defendants, and Each of Them)

47. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

48. Defendants and each of them are vicariously and/or contributorily liable for copyright infringement in connection with the unauthorized exploitation of the Subject Song

49. Defendants, and each of them, with knowledge that each of their and third parties' conduct constituted infringement, materially contributed to, caused,

10
COMPLAINT

induced, assisted with, and otherwise facilitated the unauthorized exploitation of the Subject Song and the creation and monetization of the Infringing Song.

50.     Defendants, and each of them, had the right and ability to preclude or put a stop to the unauthorized exploitation of the Subject Song and the creation and monetization of the Infringing Song, and failed to exercise those rights. And Defendants, and each of them, profited through the infringement.

51.     Defendants', and each of their, infringing conduct as alleged herein has caused actual damage to Plaintiff and resulted in profits to the Defendants, and each of them.

52.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages, including without limitation, lost profits, royalties, license fees, and other revenues, in an amount to be established at trial.

53.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Song. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Song in an amount to be established at trial.

54.     To the extent that the infringement at issue took place, or will take place, after the date of Plaintiff's registration of the Subject Song, Plaintiff will have the right to elect to recover statutory damages pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

55.     To the extent that the infringement at issue took place, or will take place, after the date of Plaintiff's registration of the Subject Song, Plaintiff is entitled to recover his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

56.     Plaintiff is entitled to recover his costs pursuant to 17 U.S.C. § 505.

57. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in monetary terms. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the reproduction, distribution, sale, public performance or other use or exploitation of the Subject Song and Infringing Song.

58. Because Defendants' conduct as alleged herein was willful and/or reckless, Plaintiff is entitled to seek enhanced damages, such as statutory damages of up to $150,000.00 and/or to preclude Defendants from proffering certain affirmative defenses and legal positions.

### THIRD CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202 – Against R. Lopez, K. Lopez, Disney, and Wonderland)

59. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

60. Plaintiff provided and included content management information in connection with the publication and distribution of the Subject Song. This included, without limitation, including his name, the title, and other credits in connection with the Subject Song. In addition, digital publications and distributions of the Subject Song included meta data and other digital identifiers and/or links to such information that established that Plaintiff was the author and/or owner of the Subject Song.

61. Defendants, and each of them, in creating the Infringing Song, removed the entirety of Plaintiff's content management information.

62. Defendants, and each of them, in distributing the Infringing Song, including without limitation, in connection with *Frozen*, failed to include Plaintiff's content management information.

63. Defendants, and each of them, provided or distributed false copyright information by failing to identify Plaintiff as the author of the material at issue and instead claiming that they were the author of said material, with the intent to induce, enable, facilitate, or conceal infringement. They have also distributed and/or imported for distribution this copyright management information, which is false.

64. Defendants, and each of them, have intentionally removed and/or altered the Subject Song's copyright management information and distributed and/or imported for distribution copyright information knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed, imported for distribution, and/or publicly performed works, copies of works, and/or phonorecords, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law, and did so knowing, and/or having reasonable grounds to know, that it would induce, enable, facilitate, or conceal an infringement of copyright and other rights.

65. Given the misconduct alleged above, Plaintiff seeks actual and statutory damages, as well as costs and attorneys' fees and injunctive relief, pursuant to 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for judgment against all Defendants, and each of them individually, as follows:

1. A declaration that Defendants have infringed Plaintiff's rights in the Subject Song in violation of the Copyright Act;
2. A declaration that Defendants are directly, vicariously and/or contributorily liable for copyright infringement, as applicable;
3. A permanent injunction requiring Defendants and their agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns,

and all persons acting in concert or participation with each or any one of them, to cease directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, and/or participating in the infringement of any of Plaintiff's rights protected by the Copyright Act;

4. For a constructive trust to be entered over any films, recordings, products, files, online programs, and other material, and all revenues resulting from the exploitation of same, for the benefit of Plaintiff.

5. For either statutory damages or the actual damages sustained by Plaintiff pursuant to 17 U.S.C. § 505;

6. For special and compensatory damages in an amount according to proof in excess of the jurisdictional limit of this court;

7. For an accounting of all revenues relating to the infringement at issue and/or costs savings and financial benefits resulting from the infringement.;

8. For statutory and actual damages, as well as injunctive relief, costs, and attorneys' fees pursuant to 17 U.S.C. § 1203;

9. For injunctive relief from any and all present and/or future exploitation;

10. For pre-judgment and post-judgment interest;

11. For attorney's fees, where applicable, interest, and costs of suit; and

12. For such other and further relief as to this Court seems just and proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                            Respectfully submitted,

Dated: November 23, 2017      By:    */s/ Scott Alan Burroughs*
                                                Scott Alan Burroughs, Esq.
                                                David R. Shein, Esq.
                                                DONIGER / BURROUGHS
                                                Attorneys for Plaintiff