Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
MELINDA E. LEMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
GRANT R. ARNOW (State Bar No. 316497)
grant.arnow@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME CIERO, an Individual, | Case No.: 2:17-cv-08544 GW (MRWx) |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| THE WALT DISNEY COMPANY; DISNEY ENTERPRISES, INC.; WALT DISNEY MOTION PICTURES GROUP, INC.; WALT DISNEY PICTURES; WONDERLAND MUSIC COMPANY, INC.; ABC, INC. d/b/a WALT DISNEY RECORDS; DISNEY INTERACTIVE, INC.; BUENA VISTA HOME ENTERTAINMENT, | Magistrate Judge: Hon. Michael R. Wilner |

INC.; KRISTEN ANDERSON-LOPEZ;
ROBERT LOPEZ; IDINA MENZEL;
DEMI LOVATO; and DOES 1 through
10,

        Defendants.

## STIPULATED PROTECTIVE ORDER

1.    INTRODUCTION

   1.1   PURPOSES AND LIMITATIONS

Discovery in this Action is likely to involve production of confidential proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file Confidential Information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file Disclosure or Discovery Material under seal.

   1.2   GOOD CAUSE STATEMENT

This lawsuit involves a copyright claim wherein Plaintiff Jaime Ciero alleges that Defendants have infringed his original composition, *Volar*, by performing, broadcasting, streaming, marketing, selling, licensing, and otherwise exploiting and monetizing the song entitled "Let It Go."

The Parties anticipate that disclosure and discovery activity in this Action likely will involve production of confidential, proprietary, or private information for which special protection from public disclosure may be warranted. Such Disclosure

or Discovery Material, as defined below, may contain especially sensitive information, including highly sensitive business or proprietary information, trade secrets, commercially sensitive original artwork (including, but not limited to, storyboards or animation cells maintained in confidence), and other information, the disclosure of which might adversely affect or prejudice the Parties' business or personal interests. Such information may include:

- revenues generated from Defendants' respective exploitation of "Let It Go," including record sales, licensing fees and royalties;
- revenues generated from each Defendants' respective exploitation of *Frozen* including through its theatrical release, DVD sales, streaming and live productions;
- transactional documents associated with the licensing and other exploitation of "Let it Go" and *Frozen*;
- gross revenues associated with the exploitation of "Let It Go" and *Frozen*;
- profits margins associated with the exploitation of "Let It Go" and *Frozen*;
- general financial information for the Parties;
- expenses associated with the productions of "Let It Go" and *Frozen*;
- marketing channels;
- non-public business plans, product development information, or marketing plans;
- non-public recordings or documents relating to the creation of a work that have not been previously available to the public;
- non-public research and development information; and
- trade secrets.

Defendants, in the past, have routinely sought and agreed to prevent sensitive financial, marketing and product development information from entering into the

public domain. Further, public disclosure of sensitive financial, marketing and product development information may cause harm as competitors could use this information to gain an advantage in the film, music and merchandising industries. Accordingly, good cause exists for the entry of this Order.

2. <u>DEFINITIONS</u>

    2.1    <u>Action</u>: The pending federal lawsuit, entitled *Jaime Ciero v. The Walt Disney Company et al.*, Case No. 2:17-cv-08544, which involves claims of copyright infringement.

    2.2    <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

    2.6    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

    2.8    <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: Such portion of such "CONFIDENTIAL" Information or Items as consists of information whose

-4-    Case No. 2:17-cv-08544 GW (MRWx)
STIPULATED PROTECTIVE ORDER

disclosure to competitors or to the public would cause a risk of serious harm to the Designating Party, including but not limited to trade secrets, non-public financial information, non-public research and development information, business plans relating to future or proposed operations, product development information, and marketing plans. The Parties endeavor in good faith to limit their designations of Disclosure or Discovery Material as "HIGHLY CONFIDENTIAL."

Notwithstanding the foregoing, the Parties agree that Plaintiff's Counsel may share with Plaintiff the total number of units of disputed product at issue, the revenues related to sales of the disputed product at issue, and Defendants' positions regarding their alleged use of the copyrighted material at issue.

2.9 <u>House Counsel</u>: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including their support staff.

2.12 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

-5-  Case No. 2:17-cv-08544 GW (MRWx)
STIPULATED PROTECTIVE ORDER

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

4.1 Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.2 The Court will retain jurisdiction after the termination of this Litigation to enforce the terms of this Order.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate standards. The Designating

Party must designate for protection only those parts of material, documents, items, or communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>:   Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the Disclosure or Discovery Material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter, collectively, the "Confidentiality Legend"), as appropriate, to each page that contains Protected Material. If only a portion or portions of the Disclosure or Discovery Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated

-7-     Case No. 2:17-cv-08544 GW (MRWx)
STIPULATED PROTECTIVE ORDER

which documents it would like copied and produced. During the inspection and before the designation, all of the Disclosure or Discovery Material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the Confidentiality Legend to each page that contains Protected Material. If only a portion or portions of the Disclosure or Discovery Material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b)    With regard to testimony given in depositions, a Designating Party shall designate deposition transcripts or portions of deposition transcripts, including exhibits, that contain Protected Material by making a verbal statement to such effect on the record in the course of the deposition, or by written notification to the Court reporter and to all Parties within twenty (20) days following receipt of the transcript of such deposition and the exhibits thereto (or later, with leave of Court or by agreement among the Parties). If any deposition transcript or portion thereof, including exhibits, is designated as Protected Material, the Court reporter shall place the appropriate Confidentiality Legend on the original and each copy of the transcript, together with a statement identifying the pages of the deposition and/or the exhibits which are designated as Protected Material. The Designating Party shall inform the Court reporter which sections are to be marked Confidential or Highly Confidential, and shall convey to the reporter the appropriate Confidentiality Legend and format thereof.

    Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals, who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A), are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the Confidentiality Legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Disclosure or Discovery Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>: Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process under Civil Local Rule 37-1.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the Disclosure or Discovery Material in question the level of

protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories or persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) Court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any Confidential Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

-11-  Case No. 2:17-cv-08544 GW (MRWx)
STIPULATED PROTECTIVE ORDER

(c) the Court and its personnel;

(d) private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, as mutually agreed upon by any of the Parties engaged in settlement discussions.

7.4 Nothing herein in any way restricts the ability of the Receiving Party to use "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" Information produced to it in examining or cross-examining any employee or consultant of the Designating Party.

7.4 The Parties agree that the Parties may be provided by their Counsel a summary document, or oral summary, setting forth each alleged infringers' revenues, and gross profits numbers associated with the exploitation of "Let It Go" or *Frozen*, or other similar financial information, notwithstanding any Party's designation of documents showing such information as "HIGHLY CONFIDENTIAL," so long as the documents themselves are not provided.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the information covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

    (1) promptly notify in writing the Requesting Party and Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3) make the information requested available for inspection by the Non-Party, if requested.

  (c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstances not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Disclosure or Discovery Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the Court.

12. <u>MISCELLANEOUS</u>

    12.2   <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2   <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Disclosure or Discovery Material covered by this Order.

    12.3   <u>Filing Protected Material</u>: Without written permission from the Designating Party, or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Litigation any Protected Material.  A Party that seeks to file under seal any Disclosure or Discovery Material must comply with Civil Local Rule 79-5.  Disclosure or Discovery Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Disclosure or Discovery Material at issue.  If a Party's request to file Disclosure or Discovery Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 4, 2018         Respectfully submitted,

DONIGER / BURROUGHS

By: ___/s/ David Shein___
DAVID SHEIN
*Attorneys for Plaintiff*

MUNGER, TOLLES & OLSON LLP

By: ___/s/ Kelly M. Klaus___
KELLY M. KLAUS
*Attorneys for Defendants*

PURSUANT TO STIPULATION, IT IS APPROVED AND SO ORDERED.

DATED: __October 5__, 2018    _____
THE HONORABLE MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

# FILER'S ATTESTATION

I, Kelly M. Klaus, am the ECF user whose identification and password are being used to file this **STIPULATED PROTECTIVE ORDER**. Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that the other above-named signatories concur in this filing.

DATED: October 4, 2018

                                      */s/ Kelly M. Klaus*
                                      KELLY M. KLAUS

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send e-mail notification of such filing to all registered Parties. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: October 4, 2018     MUNGER, TOLLES & OLSON LLP


By:   _/s/ Kelly M. Klaus_
　　　KELLY M. KLAUS

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Jaime Ciero v. The Walt Disney Company et al.*, Case No. 2:15-cv-07242 (the "Action"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [type or print full name] of _____ [type or print full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State Where Signed: _____

Printed name: _____

Signature: _____

-20-   Case No. 2:17-cv-08544 GW (MRWx)
STIPULATED PROTECTIVE ORDER